IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERNEST B. DIGGS, JR.,                :

    Petitioner,              :

v.                                   :        CIVIL ACTION 13-0052-CG-M

DEWAYNE ESTES,                       :

    Respondent.              :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama
inmate that was referred for report and recommendation pursuant
to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8
of the Rules Governing Section 2254 Cases.  This action is now
ready for consideration.  The state record is adequate to
determine Petitioner's claims; no federal evidentiary hearing is
required.  It is recommended that this habeas petition be denied
as this Court does not have jurisdiction over it, that this
action be dismissed, and that judgment be entered in favor of
Respondent Dewayne Estes and against Petitioner Ernest B. Diggs,
Jr. on all claims.  It is further recommended that any
certificate of appealability filed by Petitioner be denied as he
is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of four counts of first degree

1

sexual abuse, five counts of first degree rape, three counts of first degree burglary, two counts of first degree kidnapping, and one count of first degree sodomy on April 19, 1999 in the Mobile County Circuit Court for which he was sentenced to life terms on each burglary, kidnapping, rape, and sodomy charge and ten years imprisonment on each sexual abuse charge, all to be served concurrently (Doc. 8, p. 2; *cf.* Doc. 17, p. 2).  On March 24, 2000, the Alabama Court of Criminal Appeals affirmed the convictions and sentences.  *Diggs v. State*, 805 So.2d 789 (Ala. Crim. App. 2000).  Petitioner admits that he did not seek any further appellate review in the State courts (Doc. 8, p. 3).

On February 21, 2003, Diggs filed a habeas petition in this Court.  The six claims raised in that petition were determined to be procedurally defaulted, so the action was dismissed and judgment was entered.  *Diggs v. Mitchem*, 03-0104-BH-M (S.D. Ala. October 25, 2004) (Docs. 14-15).  Petitioner sought review of the dismissal in the Eleventh Circuit Court of Appeals, but his certificate of appealability was denied by that Court and the appeal was dismissed (i*d.* at Doc. 23-24).

Petitioner filed the current habeas petition on February 1, 2013, raising the following claims:  (1) He was denied the constitutional protections of due process and equal protection of law; (2) his attorney rendered ineffective assistance; (3)

2

the trial judge, who was biased against him, impermissibly participated in the plea negotiations; (4) he did not knowingly and voluntarily enter into his guilty plea; (5) he was wrongly convicted of lesser-included offenses; (6) he was convicted of crimes for which he was not indicted; and (7) he was not allowed to be present at his arraignment[1] (Doc. 8). Respondent Answered the Complaint, asserting that this was a successive petition and that Diggs had failed to seek approval from the Eleventh Circuit Court of Appeals to file it (Doc. 17, pp. 4-5).[2]

The Court notes that this Court's review of this action is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). In an Order instructing Petitioner to address this issue, the Court noted that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (Doc. 18).

The Court notes that Petitioner has provided no evidence

---

[1] Petitioner raises eleven different grounds in his petition, but the Court combined them to form seven distinct claims.

[2] Respondent has also asserted that this petition is barred by the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) (Doc. 17, p. 2). However, the Court finds it unnecessary to discuss AEDPA herein.

that he has been given the authority to file this action (Doc. 23, pp. 9-13). Diggs has responded but has only argued that he should be allowed to proceed with this action because his claims are meritorious. Because Petitioner has filed a successive habeas petition, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be denied as this Court does not have jurisdiction to review it, that this action be dismissed, and that judgment be entered in favor of Respondent Dewayne Estes and against Petitioner Ernest B. Diggs, Jr. on all claims.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Diggs has not sought permission from the Eleventh Circuit Court of Appeals to file this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Diggs should be allowed to proceed further. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

5

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 2nd day of August, 2013.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE